| | |
|---|---|
| **TELOS VG, PLLC**<br>John H. Bogart (8305)<br>500 Westover Dr., #12745<br>Sanford, NC 27330<br>+39 366 813 8218<br>jbogart@telosvg.com<br><br>*Attorneys for Ross and Wagner* | **FABIAN VANCOTT**<br>David P. Billings (11510)<br>215 S. State Street, # 1200<br>Salt Lake City, UT 84111<br>801 531-8900<br>dbillings@fabianvancott.com<br><br>*Attorneys for Bogart and Telos VG* |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Douglas Raymond Short,<br><br>     Debtor<br>_____<br><br>Telos Ventures Group, PLLC, John H. Bogart, Yan Ross, and Randi Wagner,<br>     Plaintiffs<br>  v.<br>Douglas Raymond Short,<br>     Defendant | JOINT COMPLAINT FOR NON-DISCHARGEABILITY<br><br>Bankruptcy Case No. 19-29471 KRA<br>(Chapter 7)<br><br>Adversary Proceeding No. 20-____<br><br>Honorable Kevin R. Anderson |

Plaintiffs Telos VG, PLLC, John H. Bogart, Yan Ross, and Randi Wagner hereby complain against Douglas Raymond Short ("Doug Short"), and for causes of action allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Telos Ventures Group, PLLC d/b/a Telos VG, PLLC is a Utah professional limited liability company, with its principal place of business in Salt Lake County, Utah. Mr. Bogart is its sole member.

1

2. John H. Bogart is the member of Telos VG and is a resident of Salt Lake County, Utah and the Province of Arezzo, Italy.

3. Yan Ross is a resident of Arizona.

4. Randi Wagner is a resident of Arizona.

5. Doug Short is a resident of Salt Lake County, Utah.

6. This Court is vested with jurisdiction under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 127(b)(2).

7. Venue is proper pursuant to 28 U.S.C. § 1409(a). This proceeding is filed in connection with *In re Douglas Raymond Short*, case no. 19-29471 KRA, a Chapter 7 bankruptcy case pending in this Court.

## GENERAL ALLEGATIONS

8. Yan Ross and Randi Wagner (collectively, "Ross") are Plaintiffs in the case *Ross, et al. v. Global Fraud Solutions, Inc.*, case no. 070915820, Third District Court, Utah. Ross and Wagner were also defendants in *Short v. Bogart, et al.*, case no. 190401332, Fourth District, Utah.

9. John H. Bogart is counsel for Ross in the *Ross v. GFS* case. Mr. Bogart was also a defendant in the *Short v. Bogart, et al.* The other defendants in *Short v. Bogart* were Telos Ventures Group, PLLC, Judge Keith Kelly of the Third District Court, Yan Ross, Randi Wagner, and the Third District Court. Mr. Bogart is co-counsel for Telos VG in *Short v. Bogart*.

10. Doug Short represented Michael Barnett, intervener in the *Ross v. GFS* case. Doug Short was the appellant in *Ross v. Short*, 2018 UT App 178, 436 P.3d 318, and counsel for appellant in *Ross v Barnett*, 2018 UT App 179, 436 P.3d 306. He also represented himself in the three 2019 appeals in *Ross v. GFS*. Doug Short was the plaintiff in *Short v. Bogart*.

2

11. Doug Short first appeared as counsel for Intervener Michael Barnett in *Ross v. GFS* in January 2009.  From the outset of his appearance, Doug Short sought to obstruct, disrupt, and delay litigation of the case.  Sanctions have been imposed on Doug Short multiple times in *Ross v. Short* by multiple judges, under Rule of Civil Procedure 11, under the inherent powers of the court, under Rule of Appellate Procedure 33, and under Rule of Civil Procedure 83.

12. In *Ross v. GFS*, the District Court first imposed sanctions on Doug Short on February 10, 2012.  In a 43-page Memorandum Decision and Order, Judge Toomey (now Judge Appleby) found that Doug Short repeatedly violated Rule 11.  **Exhibit 1** (Order of 2/10/2012).  As detailed in the February 10 Order, Doug Short repeatedly violated Rule 11 by continuing to assert factual and legal claims without basis and which had been decided by the District Court, that the filings were made for improper purposes, including to obstruct and delay the litigation.  The District Court ordered Doug Short to take an ethics course and to pay the District Court $9,700 in sanctions.  The monetary sanctions remain unpaid.

13. Doug Short did not alter his conduct despite the February 10, 2012 Order.  He continued to file papers replete with arguments previously considered and rejected by the court and with factual assertions contrary to the record.  He continued his strategy of obstructing resolution of the case through numerous frivolous papers, including frivolous motions and opposition papers filed for improper purposes, seeking delays in hearings and extensions of deadlines without good cause, and, when all else failed, by simply not showing up for hearings.

14. The District Court issued an Order to Show Cause re contempt on June 25, 2014.  The hearing on the Order to Show Cause was set for August 20, 2014.  Although neither Doug Short nor his client appeared for the August 20, 2014, hearing, Doug Short filed multiple lengthy papers the night before the hearing and in the early hours of the morning of the hearing, August

3

20, 2014. All of Short's motions were denied, and Short and his client, Michael Barnett, were held in contempt. **Exhibit 2** (Order of 12/17/2014).

15. In September, October, and November 2014, Ross filed Motions for Sanctions under both the inherent powers of the court and under Rule 11.

16. The District Court held a hearing on the motions on December 16, 2014, at which Short appeared and argued. After consideration of the papers and oral argument, the District Court granted the Motions for Sanctions. **Exhibit 3** (12/30/2014 Order).

17. On February 9, 2015, the District Court awarded monetary sanctions to Ross in the amount of $27, 981.07. The monetary sanctions were later reduced to a Judgment on July 2, 2015. **Exhibit 4** (Judgment 7/2/2015).

18. Doug Short has filed at least 10 appeals in *Ross v GFS*, all unsuccessful. They are Utah appellate cases nos. 20120755, 20130862, 20140175, 20150180, 20150296, 20151055, 20160658, 20151055, 20160652, 20190580, 20190638, and 20190757.

19. December 11, 2015, Doug Short filed an appeal in his own name and interest, Utah appellate case number 20151055. This appeal resulted in the opinion *Ross v. Short*, 2018 UT App 178, 436 P.3d 318, affirming the July 2, 2015 Judgment. **Exhibit 5**.

20. Following the July 2, 2015 Judgment, Barnett filed appeal, case number 20160180. This appeal resulted in the opinion *Ross v. Barnett*, 2018 UT App 179, 436 P.3d 306. **Exhibit 6**.

21. The Court of Appeals handed down its opinions in both of the appeals on September 20, 2018. In each opinion, the Court of Appeals affirmed the District Court's orders and judgments, including the findings of contempt and for sanctions, and in each opinion the Court of Appeals granted Ross's request for sanctions against Short under Utah Rule of

Appellate Procedure 33. In both opinions the Court of Appeals held that Short had filed and pursued frivolous appeals and had done so for improper purposes, including purposes of delay and harassment of Ross, and held Short personally liable for Rule 33 sanctions. *See* Exhibit 5, ¶¶ 28-30 and Exhibit 6, ¶¶ 42-44.

22. The Utah Supreme Court denied *certiorari* and *Ross v. GFS* was remanded to the District Court on March 4, 2019, for the purpose of calculating the Rule 33 sanctions.

23. On remand, Douglas Short pursued a campaign to obstruct determination of sanctions. Between March 4, 2019 and July 1, 2019, Short filed numerous frivolous motions and objections with the purposes of obstruction and delay.

24. For example, in this period, Short sought to re-litigate the issue of jurisdiction of the District Court on at least 10 occasions, the validity of the July 2015 Judgment on at least 6 occasions, and the authority of the District Court to determine costs and fees on at least 9 occasions. In all, Doug Short filed approximately 34 motions, requests, and objections ***between March 4 and July 1, 2019***.

25. On April 29, 2019, Ross filed a Motion to Find Douglas Short a Vexatious Litigant. The District Court granted the Vexatious Litigant Motion on July 12, 2019. **Exhibit 7** (Order of 7/12/2019).

26. On information and belief, Doug Short is the only attorney in Utah declared a vexatious litigant.

27. The District Court also awarded Ross monetary sanctions of $39,535 as part of granting the Vexatious Litigant Motion. **Exhibit 8** (Order of 11/27/2019).

28. The District Court ultimately awarded Ross monetary sanctions under Rule 33 in the amount of $28,657.84, as follows:

      a.      For *Ross v. Short*: $14,770 in fees and $260.80 in costs, plus interest at 4.75%. **Exhibit 9** (Order of 4/29/2019)

      b.      For *Ross v. Barnett*: $13,492.50 in fees and $134.54 in costs, plus interest at 4.75%. **Exhibit 10** (Judgment of 5/22/2019)

29. Short filed three appeals in *Ross v. GFS* in July, August, and September 2019: Utah appellate case nos. 20190580, 20190638, and 20190757. On September 26, 2019, the Court of Appeals dismissed all three on summary disposition and awarded Ross sanctions under Rule of Appellate Procedure 33 for filing and pursuing a frivolous appeal for improper purposes. **Exhibit 11** (Order of 9/26/2019).

30. On November 15, 2019, pursuant to the Rule 33 sanctions finding by the Court of Appeals, Ross requested sanctions of $14,440. **Exhibit 12**. No objection to the request for fees was timely filed. Before the District Court ruled on the request, Short filed for bankruptcy.[1]

31. In December 2019, Short began attempts to circumvent Ross' counsel and communicate directly with Ross. Short refused to stop the attempts to communicate directly with Ross even after a demand to do so was made.

32. During a hearing on December 19, 2019, the District Court entered a protective order barring Short from contacting Ross except through their counsel.

33. Ross' monetary sanctions against Short total $110,296.19 (as of March 11, 2020), including the pending Rule 33 sanctions request.

34. Short engaged in a multi-year pattern of egregious misconduct. He has made numerous frivolous filings for purposes of obstructing and delaying litigation and defied court orders. He has attempted to thwart the legitimate claims of Ross by imposing unreasonable

---

[1] Short filed a bankruptcy petition on December 29, 2019 and then another on December 31, 2019 after failing to compete the required credit counseling pre-petition.

litigation burdens, to exhaust them through patently wrongful tactics.

35. Short's abusive conduct in *Ross v. GFS* has also resulted in an attorney discipline case against Short: *OPC v. Short*, case no. 160400350 (Fourth District) (pending).

36. The bankruptcy filing is part of that pattern of misconduct, as is the effort to transfer and/or hide assets in an attempt to evade liability for the sanctions imposed on him.

37. The morning of July 1, 2019, the date of the evidentiary hearing on Ross's Vexatious Litigant Motion, Short filed a complaint naming as defendants Yan Ross, Randi Wagner, John H. Bogart, Telos Ventures Group, PLLC, Judge Keith Kelly, and the Third District Court (*Short v. Bogart*).  **Exhibit 13**.

38. Short asserted against all defendants causes of action for fraud on the court, defamation, contempt, defamation for reporting misconduct to the Utah State Bar's Office of Professional Conduct ("OPC"), a request for a judicial declaration that the July 2015 Judgment is void, declaratory judgment that the Court of Appeals was wrong in its decisions and wrong in imposing sanctions under Rule 33, declaratory judgment that Judge Kelly had engaged in misconduct, and declaratory judgment that grant of the Motion to Enforce to Enforcement Judgment Against Surety was wrongful.

39. Short caused the complaint in *Short v. Bogart* to be served **at** the July 1 evidentiary hearing on the whether he was a vexatious litigant.

40. The causes of actions and allegations of the complaint in *Short v Bogart* are based on or arise out of events in *Ross v. GFS*, and effectively sought to re-litigate that case yet again and reverse the various decisions of the District Court and the Court of Appeals.  **Exhibit 13**.

41. After Mr. Bogart and Telos VG moved to dismiss the complaint for failing to state a claim, Short filed an amended complaint that added allegations and causes of action

7

without attempting to cure the defects of the complaint. **Exhibit 14**.

42. The Amended Complaint increased the number of paragraphs from 173 to 235, and the number of causes of action from eight to fifteen. All of the allegations and causes of actions were still based on or arose from the *Ross v. GFS* litigation. Mr. Bogart and Telos VG then moved to dismiss the Amended Complaint.

43. Short served a Rule 11 Motion on Mr. Bogart and Telos VG and their counsel alleging that the Motions to Dismiss were frivolous and filed in bad faith. **Exhibit 15.**

44. After reading the Complaint and the Amended Complaint, Judge Brady of the Fourth District Court struck both the Complaint and Amended Complaint on September 3, 2019. **Exhibit 16**.

45. According to Judge Brady, both the Complaint and the Amended Complaint were "riddled with redundancies, immaterial facts and conclusions, and scandalous matter. The Court exercises its authority to address disrespectful or abusive pleadings by striking both the complaint and the amended complaint." *Id*.

46. Judge Brady gave Doug Short until September 10, 2019 to file an amended complaint that did not violate Rule 10(h). *Id*.

47. Mr. Bogart and Telos VG timely filed a motion for entry of judgment in their favor and for sanctions, which Judge Brady granted on November 4, 2019. **Exhibit 17**. Judgment was entered November 19, 2019, and sanctions affirmed December 27, 2019. **Exhibits 18** and **19**.

48. Judge Brady awarded Bogart and Telos VG sanctions of $16,211.70 (plus post-judgment interest at 4.75%) against Short on December 27, 2019.

49. The unpaid monetary sanctions against Short in favor of Ross, Bogart, and Telos

VG amount to $126,829.91 as of March 11, 2020 (including interest). Short also has unpaid sanctions of $9,700 due to the Court.

### FIRST CAUSE OF ACTION

(Declaration re Non-Dischargeable Debt - 11 U.S.C. §523(a)(6))

50. Plaintiffs hereby incorporate by reference the foregoing paragraphs as though set forth in full.

51. Utah State Court judges have entered findings of fact and conclusions law that Short's misconduct described above were volitional, intentional, and deliberate acts, which the Debtor intended the consequences of and in fact injured Plaintiffs by causing delay, unnecessary attorney fees and costs, and harassment of Plaintiffs.

52. Utah State Court judges have entered findings of fact and conclusions law that Short's misconduct described above was wrongful and without just cause or excuse.

53. Utah State Court judges have entered findings of fact and conclusions law that Short's misconduct described above constituted a violation of Plaintiffs' legal rights.

54. Such findings and conclusions of law preclude the Debtor from asserting that his misconduct did not willfully and maliciously injure Plaintiffs in violation of 11 U.S.C. § 523(a)(6). *See, e.g., O'Melveny & Myers v. Hopkins* (*In re Hopkins*), 201 F.3d 448, 1999 WL 1243253 (10th Cir. 1999) (Table).

55. Therefore, as a matter of law, the following sanctions awards against Short are not dischargeable pursuant to 11 U.S.C. § 523(a)(6):

    a. The debt of the April 29, 2019 of $14,770 in fees and $260.80 in costs, plus interest at 4.75% as to Ross;

9

  b.  The debt of the July 2, 2015 Judgment of $27,981.07, plus interest at 2.27% as to Ross;

  c.  The debt of the May 22, 2019 Judgment of $13,492.50 in fees and $134.54 in costs, plus interest at 4.75% as to Ross;

  d.  The debt for sanctions requested on November 15, 2019 of $14,440 as to Ross;

  e.  The debt of the November 27, 2019 Order of $39,535 plus interest at 4.75% as to Ross; and

  f.  The December 27, 2019 order of $16,211.70, plus interest at 4.75% as to award made under the sanctions affirmed as to Bogart and Telos VG.

## PRAYER FOR RELIEF

WHEREFORE, Ross, Bogart, and Telos VG, respectfully pray for relief against Short as follows:

  A.  For denial of discharge pursuant to 11 U.S.C. § 523(a)(6) of Short's debt owing to Ross in an amount not less than $110,474.19, together with pre- and post-judgment interest as permitted by law;

  B.  For denial of discharge pursuant to 11 U.S.C. § 523(a)(6) of Short's debt owing to Bogart and Telos VG in an amount not less than $16,211.70, together with pre- and post-judgment interest as permitted by law;

  C.  For attorney fees and costs; and

  D.  For such other and further relief as the Court deems just and proper under the circumstances.

Dated April 3, 2020.

**FABIAN VANCOTT**

/s/ David P. Billings
David P. Billings
*Attorneys for Telos VG
    and John H. Bogart*

**TELOS VG, PLLC**

/s/ John H. Bogart
John H. Bogart
    *Attorneys for Yan Ross and Randi Wagner*

4811-9508-5497, v. 1