**This order is SIGNED.**

**Dated: October 30, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*ar*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| In re:<br><br>DOUGLAS R. SHORT,<br><br>     Debtor. | Bankruptcy Number: 19-29471<br>Chapter 7 |
| TELOS VENTURES GROUP, PLLC, JOHN H. BOGART, YAN ROSS, AND RANDI WAGNER,<br><br>     Plaintiffs,<br>vs.<br><br>DOUGLAS R. SHORT,<br><br>     Defendant. | Adversary Proceeding No. 20-2027<br>Hon. Kevin R. Anderson |

**MEMORANDUM DECISION ON PLAINTIFFS' MOTION
TO DISMISS DEBTOR'S COUNTERCLAIMS**

It is an axiom of jurisdictional jurisprudence that a lower federal court lacks the authority to engage in the appellate review of state court rulings. Since 2009, the Debtor has engaged in state-court litigation with the Plaintiffs both as legal counsel and as a party in interest. As a result of his contumacious conduct in these cases, the Utah state courts sanctioned the Debtor multiple times, both monetarily and otherwise, and ultimately designated him as a vexatious litigant. The Debtor unsuccessfully appealed these orders and judgments. With sanctions exceeding $126,800, the Debtor filed this bankruptcy case.

Plaintiffs brought this adversary proceeding seeking a determination that the sanction judgments are nondischargeable under § 523(a)(6) as a willful and malicious injury. In response, the Debtor filed counterclaims against the Plaintiffs asserting twenty-three causes of action. All but two of the counterclaims seek in one way or another to invalidate the prior state court orders and judgments. Plaintiffs filed this motion to dismiss the Debtor's counterclaims on various grounds, including the *Rooker-Feldman* Doctrine, failure to state a claim, lack of standing, and claim and issue preclusion. For the following reasons, the Court grants the motion and dismisses all of the Debtor's counterclaims.

## I.    JURISDICTION

The Court's jurisdiction over this adversary proceeding is properly invoked under 28 U.S.C. § 1334(b) and § 157(a) and (b). Plaintiffs' complaint objects to the discharge of particular debts, making this a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (I). Venue is appropriately laid in this District under 28 U.S.C. § 1409. However, as explained below, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine to hear the Debtor's counterclaims that would effectively involve an appellate review of previously-entered state court rulings.

## II.    FACTS AND PROCEDURAL BACKGROUND

1.    Starting in 2009, the Debtor served as legal counsel to intervenor Michael Barnett ("Barnett") in *Yan Ross and Randi Wagner v. Global Fraud Solutions, LLC.*, Case No. 07-0915820, Third District Court, Utah ("*Ross v. GFS*") (Ross and Wagner are collectively referred to as "Ross").

2.    Multiple times during this litigation, the Utah Court of Appeals and the Third Judicial District Court for the State of Utah (the "State Court") sanctioned the Debtor for bad faith litigation tactics and meritless or previously-adjudicated arguments. The Court takes judicial

notice of the various orders, decisions, money judgments, and appeals of the Utah state courts listed on Exhibit A.[1]

3.      On July 12, 2019, the State Court found the Debtor to be a Vexatious Litigant under Utah R.Civ.P. 83 (the "Vexatious Litigant Order"),[2] which order was affirmed by the Utah Court of Appeals on September 26, 2019.[3]

4.      The Vexatious Litigant Order restricted the Debtor's filing options in the following manner:

a.      Mr. Short shall abide by a pre-filing order requiring him to obtain leave of this Court before filing any future claim against Plaintiffs or Plaintiffs' counsel John H. Bogart or Sean N. Egan, and,

b.      Mr. Short shall obtain legal counsel before filing any future claim against Plaintiffs or Plaintiffs' counsel, John H. Bogart or Sean N. Egan.

5.      The Debtor filed nine appeals to the Utah Court of Appeals.[4] Of these nine appeals, six "were dismissed for lack of jurisdiction or because Short failed to perfect the appeals." The other three appeals affirmed the State Court's rulings.[5]

6.      In July 2019, the Debtor sued John H. Bogart, Telos Ventures Group, Yan Ross, and Randi Wagner, in the Utah Third District Court, Case No. 19-0401332 ("*Short v. Bogart*").[6]

---

[1] *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (ruling that federal courts may take judicial notice of a public record from another court concerning matters that bear directly on the disposition of the case at hand).

[2] ECF No. 1-7.

[3] ECF No. 1-11.

[4] *Ross et al. v. Short*, 20190580-CA, (Utah Ct. App. Sept. 26, 2019) (summarizing the Debtor's appellate history). See copy of opinion at ECF No. 1-11.

[5] See *Ross v. Barnett*, 436 P.3d 306 (Utah Ct. App. 2018) (*cert. denied*); *Ross v. Short*, 436 P.3d 318 (Utah Ct. App. 2018) (*cert. denied*); and *Ross et al. v. Short*, 20190580-CA, (Utah Ct. App. Sept. 26, 2019).

[6] See copy of *Short v. Bogart* complaint at ECF No. 1-16.

7.      The Debtor's complaint in *Short v. Bogart* asserts essentially the same causes of action as in his counterclaims in this adversary proceeding, including fraud on the court, misconduct by Judge Kelly, defamatory rulings, and judicial declarations as to the invalidity of the rulings made by the State Court and the Utah Court of Appeals.

8.      On September 3, 2019, the State Court dismissed the Debtor's complaint in *Short v. Bogart*, finding that it was "riddled with redundancies, immaterial facts and conclusions, and scandalous matter."[7] The State Court then granted the Debtor until September 10, 2019 to file an acceptable complaint, but that if "no amended complaint is filed by that date, this case will be deemed closed." The Debtor did not file an amended complaint, and he did not appeal this order.

9.      On December 27, 2019, the State Court in *Short v. Bogart* awarded additional fees against the Debtor finding that his complaint was "without merit, frivolous, and brought in bad faith," and that his "tactics and conduct in this case were abusive and undertaken for improper purposes . . . ."[8]

10.     The total amount of sanctions awarded by the State Court against the Debtor is approximately $126,800.

11.     The Debtor filed this bankruptcy case on December 31, 2019.

12.     On January 15, 2020, the State Court entered its order disqualifying the Debtor from representing Raymond Short, the Debtor's father, in *Ross v. GFS* (the "Disqualification Order").[9] On March 4, 2020, the Debtor sought court permission on behalf of Raymond Short to appeal the State Court's prior orders.[10]

---

[7] ECF No. 1-18. All references to the ECF docket are to Adv. Pro. No. 20-2027 unless otherwise indicated.

[8] ECF No. 1-21 at *1-*2.

[9] Case No. 19-29471, ECF No. 30 at *159.

[10] *Id*. at *162.

13. On April 30, 2020, this Court entered its order regarding Plaintiffs' request to modify the automatic stay to proceed with some pending matters in the State Court.[11] This order contained the following findings:

a. The State Court order disqualifying the Debtor from representing his father, Raymond Short, in *Ross v. GFS* was excepted from the automatic stay under § 362(b)(4) and thus is a valid order. Further, any action by the State Court to enforce the disqualification order is likewise excepted from the bankruptcy stay. Finally, the bankruptcy stay did not prevent the State Court from enforcing any of its orders that fell within its "regulatory powers, including its interests in keeping state litigation free from unnecessary or abusive legal obstructions and restraining or purging any needless, harassing, or abusive litigation from the state court system."

b. The Court also modified the stay to allow the State Court to liquidate to a sum certain any monetary sanctions against the Debtor based on his actions that occurred prior to his bankruptcy filing.

c. The Court also found that because § 362(a) only applies to claims arising prior to a bankruptcy filing, any orders or judgments based on the Debtor's actions taken after the bankruptcy filing are not subject to the automatic stay.

d. Finally, the Court held that while the State Court could liquidate its sanction judgments against the Debtor, no party could seek to collect such amounts from property of the Debtor's bankruptcy estate as defined in 11 U.S.C. § 541 (i.e., generally all legal or equitable interests of the Debtor in property that existed at the time he filed his bankruptcy case).

---

[11] Case No. 19-29471, ECF No. 51.

14.     There are no pending appeals either from this bankruptcy case or from any of the rulings of the State Court or the Utah Court of Appeals.

15.     After the Debtor's bankruptcy filing, Plaintiffs filed a complaint under 11 U.S.C. § 523(a)(6) seeking to have the sanction amounts determined to be nondischargeable as a willful and malicious injury.

16.     The Debtor responded by filing a counterclaim asserting twenty-three separate causes of action (the "Counterclaims"). The Counterclaims are summarized on Exhibit B.

17.     The Counterclaims essentially allege that all of the rulings against the Debtor by the State Court and the Court of Appeals should be reviewed by this Court and declared void, invalid, or otherwise revised in the Debtor's favor (see Exhibit B).

18.     On August 12, 2020, Plaintiffs filed a motion to dismiss the Debtor's Counterclaims based on the *Rooker-Feldman* Doctrine, failure to state a claim, lack of standing, claim preclusion, and judicial privilege.[12]

## III.    ANALYSIS

The Debtor has a long history of unsuccessfully challenging every adverse ruling by the Utah State Court and the Utah Court of Appeals made in *Ross v. GFS* and *Short v. Barnett*. The continual challenges to the state court rulings recycle the same arguments, including fraud on the court; denial of open courts; denial of due process; lack of jurisdiction; lack of finality; error and mistake; failure to recuse; orders being not final, invalid, or void ab initio, etc.

These are the same arguments the Debtor asserts in his Counterclaims that in general ask this Court to revise or invalidate the rulings made by the Utah state courts. As explained below, the Court finds, with the exception of Counterclaim No. 22 – that seeks a declaratory judgment

---

[12] ECF No. 28.

that res judicata does not apply in this § 523(a)(6) action – that all of the Debtor's other Counterclaims should be dismissed for one or more of the following reasons: the *Rooker-Feldman* Doctrine, lack of statutory authority, lack of standing, and failure to state a claim.

### 1.   Under *Rooker-Feldman*, the Bankruptcy Court Lacks Jurisdiction to Review, Reverse, or Invalidate Any Final State Court Judgment or Order

The *Rooker-Feldman* doctrine "bars the lower federal courts [i.e., federal courts other than the Supreme Court] from engaging in appellate review of state-court judgments."[13] In other words, "[f]ederal district courts do not have jurisdiction to review, reverse, or invalidate state court decisions."[14] Plaintiffs seek dismissal under *Rooker-Feldman*, but a federal court may raise it sua sponte since it implicates the court's subject matter jurisdiction.[15] The Supreme Court explains that the *Rooker-Feldman* Doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[16] "In other words [for *Rooker-Feldman* to apply], an element of the claim must be that the State Court wrongfully entered its judgment."[17] Further, as noted in *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1175 (10th Cir. 2018):

> [T]here would be a *Rooker-Feldman* issue if the federal suit alleged that a defect in the state proceedings invalidated the state judgment. That was what *Rooker* was about—alleged violations of due process, equal protection, and the Contract Clause by the state court.

---

[13] *Campbell v. City of Spencer*, 682 F.3d 1278, 1279-80 (10th Cir. 2012). See also *Rooker v. FId. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983) and 28 U.S.C. § 1257 (holding that a final judgment rendered by the highest state court may only be reviewed by the United States Supreme Court).

[14] *Raiser v. Kono*, 2006 U.S. Dist. LEXIS 105920, at *10; 2006 WL 8457695, at *4 (D. Utah 2006).

[15] *Cory v. Fahlstrom*, 143 Fed. Appx. 84, 87 n.1 (10th Cir. 2005) (citing *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 697, 706 (10th Cir. 2004)).

[16] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

[17] *Campbell*, 682 F.3d at 1283.

This is indeed the circumstance with the Debtor's Counterclaims. They consist of eight requests for a "judicial declaration" correcting the prior orders of the State Court based on error, inaccuracies, mistake, fraud on the court, lack of due process, and lack of jurisdiction (see Counterclaim Nos. 1-7, and 11 as summarized in Exhibit B). The Counterclaims also contain ten requests for declaratory judgments that the prior orders of the State Court are invalid or void due to error, misunderstanding, denial of due process, denial of constitutional rights, denial of right to an open court, and lack of jurisdiction (see Counterclaim Nos. 12, and 14-22). Counterclaim No. 8 seeks "to have the numerous frauds on the court in *Ross v. GFS* publicly corrected so that Short no longer suffers any adverse effect therefrom."

In summary, the Debtor has been a perpetual "state-court loser," and his Counterclaims "complain of injuries caused by state-court judgments" and invite bankruptcy court "review and rejection of those judgments."[18] As a result, and as more fully explained below, all Counterclaims, except Counterclaim No. 23, are dismissed under the *Rooker-Feldman* Doctrine.

### A. *Rooker-Feldman* and the Finality of the State Court Judgments, Orders and Decisions.

The Debtor's primary argument against the application of the *Rooker-Feldman* Doctrine is that the State Court rulings are not final as required by the Tenth Circuit decisions of *Osguthorpe*[19] and *Guttman*.[20] But the Court finds that the rulings of the Utah State Court and Court of Appeals *are* final for purposes of *Rooker-Feldman*. Thus, the *Rooker-Feldman* Doctrine bars this court

---

[18] *Exxon Mobil Corp.* 544 U.S. at 284. See also *Macintyre v. JP Morgan Chase Bank, N.A.*, Nos. 19-1290, 20-1016, 2020 U.S. App. LEXIS 28624 *11 (10th Cir. Sep. 10, 2020) (holding that *Rooker-Feldman* applied where cause of action would require federal court to find that state court orders were fraudulently procured).

[19] *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) (holding that *Rooker-Feldman* applies only after state court proceedings are final).

[20] *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).

from reviewing or revising these rulings, along with any of the Debtor's claims that are "inextricably intertwined"[21] with such State Court rulings.

First, *Osguthorpe* and *Guttman* involved dissimilar facts in that the plaintiffs filed their federal complaint while their state court appeals were still pending. In contrast, there are no pending appeals of the State Court rulings, the appeals that were taken are now final, and the time to appeal any other State Court ruling has long since passed.

Second, the State Court orders are final under controlling Tenth Circuit authority. In determining whether a ruling is final for purposes of *Rooker-Feldman,* the Tenth Circuit[22] has adopted the three conditions of finality articulated in the First Circuit decision of *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005):

> Generally speaking, state proceedings will have "ended" in three situations.
>
> First, when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have "ended."
>
> Second, if the state action has reached a point where neither party seeks further action, then the state proceedings have also "ended." For example, if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.
>
> Third, if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have "ended" within the meaning of *Rooker-Feldman* on the federal questions at issue.

Applying these standards to the Debtor's Counterclaims, the Court finds that they are sufficiently final for *Rooker-Feldman* to apply.

---

[21] *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006).

[22] *Guttman*, 446 F.3d at 1032 n. 2  (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)).

**B.  Under the First and Second Standards for Finality, the Rulings of the State Court are Final.**

The first standard is whether the judgment has been affirmed by the highest available appeals court. As explained more fully below, the Debtor took nine unsuccessful appeals to the Utah Court of Appeals. All but three of the appeals were disposed of without a ruling based on procedural deficiencies. However, of the three appeals heard by the Utah Court of Appeals, all affirmed the State Court rulings. Further, the Utah Supreme Court denied the Debtor's petition for certiorari as to the first two appeals,[23] and he did not seek certiorari as to the third appeal. The Tenth Circuit holds that when a petition for certiorari is denied by the highest state court, the matter is final for purposes of *Rooker-Feldman*.[24] There are presently no pending appeals. Thus, the Debtor had the opportunity to appeal the State Court orders, and all rulings are now final and/or they were affirmed by the Utah Court of Appeals as the highest available appeals court.

The second standard for finality is whether the appeal period has expired for the state court orders complained of by the losing party in the federal court. The Tenth Circuit expounded on this second factor in *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006), by holding if the time to appeal a judgment has expired, then "*Rooker-Feldman* applies as to that judgment and any claims inextricably intertwined with it." For example, the Circuit explained, *Rooker-Feldman* would apply where the appeal period runs on a judgment as to one of multiple state-law claims, and then the losing party files "an action in a federal district court attacking the state court's jurisdiction to enter that judgment."[25]

---

[23] *Ross v. Short*, 20190580-CA at *1 (Utah Ct. App. Sept. 26, 2019) ("Short's Petitions for Writs of Certiorari to the Utah Supreme Court were both denied.") See copy of opinion at ECF No. 1-11.

[24] *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 n.3 (10th Cir. 2008) (finding that a state court proceeding was final under *Rooker-Feldman* once the Colorado Supreme Court denied plaintiff's certiorari petition).

[25] *Id.*

Looking at the history and specifics of each ruling of the Utah State Court and Utah Court of Appeals referenced in the Debtor's Counterclaims affirms their finality.

> i.    *The June 2016 Order Regarding Ownership of the GFS Bank Account is Final.*

Many of the causes of action in the Debtor's Counterclaim complain of the September 2008 ruling in *Ross v. GFS*, along with the subsequent orders entered in connection with that ruling. The September 2008 ruling effectively held that a bank account belonged to GFS and not to intervenor Barnett; thus, Ross could execute on the account in connection with its $47,000 judgment against GFS. The Debtor, as counsel for Barnett, engaged in a lengthy series of legal challenges to this ruling that went on for eight years before the State Court issued its order on June 21, 2016, denying all of the Debtor's motions to reconsider or amend the ruling as to the GFS bank account (the "June 2016 Order").[26]

The Debtor appealed the June 2016 Order and asserted fourteen issues of error "relating to myriad rulings made throughout the protracted history of this case."[27] However, the Utah Court of Appeals held that only the June 2016 Order fell within the 30-day appeal period; thus, all prior orders entered in *Ross v. GFS* were final, non-appealable orders.

As in this case, the Debtor argued on appeal that the prior orders in *Ross v. GFS* were not final and that Ross bore "the burden to prove the existence of a final, appealable, supplemental order/judgment that was not timely appealed." The Utah Court of Appeals rejected this argument finding: (1) the party asserting jurisdiction bears the burden of proof; (2) a final judgment was entered in *Ross v. GFS* no later than January 24, 2014;[28] (3) all subsequent orders arose in post-

---

[26] A more detailed recitation of the Debtor's lengthy litigation history is set forth in *Ross v. Barnett*, 436 P.3d. 306, 310-12 (Utah Ct. App. 2018).

[27] *Id.* at 312-13.

[28] *Id.* at 313 ("We need not analyze the substance and effect of each of the earlier orders, because we conclude that the time for filing a notice of appeal on issues four through fourteen began to run no later than January 24, 2014.").

judgment proceedings that were final for purposes of appeal; and (4) thus the appeal period for all prior orders, except the June 21, 2016 order, had expired.

As a result, the Utah Court of Appeals held that it could only address three issues: (1) whether the State Court improperly raised staleness sua sponte and thereby denied the defendant due process and a fair hearing since the court was ruling on its own argument;[29] (2) whether the State Court abused its discretion in refusing to entertain challenges to its mistakes; and (3) whether the State Court had jurisdiction to enter an order determining ownership of the GFS bank account.

The Utah Court of Appeals affirmed that the State Court had subject matter jurisdiction to rule on the ownership of the GFS bank account.[30] It also affirmed the June 21, 2016 order in all respects. But the Utah Court of Appeals was not done. It went on to find that the Debtor had engaged in an "abusive litigation strategy"[31] and thus awarded costs and attorney's fees under Rule 33 of the Utah Rules of Appellate Procedure to be paid by the Debtor in an amount to be determined on remand. Finally, the Utah Supreme Court subsequently denied the Debtor's petition for certiorari of the appellate court's ruling.[32]

In summary, the Utah Court of Appeals affirmed the June 2016 Order and held that all prior orders of the State Court outside the appeals period were final. The Debtor appealed the Utah Court of Appeals' decision, but the Utah Supreme Court denied certiorari. Thus, under both the first and second standards for finality, the Court finds that all State Court orders, judgments and

---

[29] The Debtor has asserted this same objection in this case because the Court initially raised, sua sponte, a *Rooker-Feldman* concern as to the Debtor's Counterclaims.

[30] *Id.* at 315.

[31] *Id.* at 317 ("We conclude that this appeal is frivolous and interposed for the purpose of delay. Barnett [represented by the Debtor] has made no attempt to show how his notice of appeal was timely as to the majority of rulings challenged on appeal . . . .").

[32] *Ross v. Barnett*, 437 P.3d 1247 (Utah Ct. App. 2019).

decisions up to and including the June 2016 Order, and all other orders, judgments and decisions inextricably intertwined therewith, are final for purposes of *Rooker-Feldman*.

> ii. *The July 2015 Sanction Judgment was Affirmed by the Utah Court of Appeals and is Now Final.*

As a result of the Debtor's problematic legal maneuverings in *Ross v. GFS*, and in an effort to deter future conduct, the Ross parties sought and obtained Rule 11 sanctions against the Debtor in the amount of $27,981.07. The Debtor failed to pay this amount, and on July 2, 2015, the State Court augmented the judgment by adding interest (the "July 2015 Sanction Judgment").[33] After denying the Debtor's three motions to vacate, the Debtor appealed raising four issues: (1) the State Court should have granted the motion to vacate under Rule 60(b) because the 2015 Sanction Judgment was not final; (2) the Ross parties engaged in fraud or mistake when they submitted their bill of costs and fees for the Rule 11 sanctions; (3) the State Court improperly refused to reconsider prior decisions; and (4) the July 2015 Sanction Judgment was void because the State Court lacked subject matter jurisdiction to impose sanctions and to order him to directly pay a nonparty attorney.[34]

The Utah Court of Appeals found that the July 2015 Sanction Judgment was final.[35] The Court of Appeals next affirmed the State Court's finding that "there was no misrepresentation or fraud in Mr. Bogart's Declaration [regarding fees and costs]."[36] It also affirmed that the State Court "properly declined to revisit the adequacy of the findings because a final order had been entered

---

[33] ECF No. 1-4.

[34] *Ross v. Short*, 436 P.3d 318 (Utah Ct. App. 2018).

[35] *Id.* at 322 ("Not only is [Short's] argument unsupported, it runs contrary to the doctrine of merger of judgments. Under this doctrine, once final judgment is entered, all preceding interlocutory rulings that were steps towards final judgment merge into the final judgment and become appealable at that time.") (citation omitted).

[36] *Id.* at 322.

on that issue."[37] Finally, the Court of Appeals ruled that "Short's contention that a court lacks

jurisdiction to enter a judgment of sanctions against an attorney is baseless."

In addition, the Utah Court of Appeals again awarded sanctions against the Debtor:

> The never-ending and duplicative filings in this case, including the filing of seven
> separate appeals, appear designed to make this litigation prohibitively expensive.
> And we cannot escape the conclusion that this particular appeal is an effort by Short
> to gain time while he avoids paying the sanctions ordered by the district court.[38]

The Debtor likewise sought review of this decision, but the Utah Supreme Court denied

his petition for certiorari. Thus, under both the first and second standards for the finality, the Court

finds that the July 2015 Sanction Judgment, and all other orders, judgments and decisions

inextricably intertwined therewith, are final for purposes of *Rooker-Feldman*.

> iii.    *The Vexatious Litigant Order is Final.*

After the Appellate Court's sanction of fees and costs, the Debtor brought motions and

objections in the State Court seeking to avoid the Appellate Court's mandate. The State Court

ultimately denied all of the Debtor's motions.[39] On May 22, 2019, and pursuant to the Appellate

Court remand, the State Court entered a money judgment against the Debtor for $28,657.84 (the

"Appellate Sanction").[40]

In spite of multiple judicial rejections of his arguments regarding finality, fraud, void ab

initio, and lack of jurisdiction, the Debtor continued to pursue these arguments, resulting in the

Ross parties bringing a motion under Utah R. Civ. P. 83 for a ruling that the Debtor was a

"vexatious litigant." In July of 2019, the State Court found "that the conditions of Rule 83(a)(1) &

(c) have been satisfied by clear and convincing evidence, and as a result, finds that Douglas Short

---

[37] *Id.* at 323.

[38] *Id.* at 324.

[39] ECF No. 1-9.

[40] ECF No. 1-10.

is a vexatious litigant."[41] The Vexatious Litigant Order required that the Debtor "shall obtain legal counsel before proceeding in this action," and that the Debtor shall "obtain leave of this Court before filing any future claim against [the Ross] Plaintiffs or Plaintiffs' counsel John H. Bogart."

The Debtor appealed both the Appellate Sanction and the Vexatious Litigant Order. On summary disposition, the Utah Court of Appeals affirmed these orders based on the following: (1) the Debtor's ongoing "challenges to jurisdiction have been definitively resolved"; (2) "this court's opinion confirming jurisdiction over Short and Barnett constituted the law of the case, which the [state] court was not at liberty to reconsider"; and (3) "this court declines to revisit Short's other issues that have been conclusively resolved."[42] Further, the Utah Court of Appeals again awarded fees and costs to Ross arising from the Debtor's appeal.

The Debtor did not appeal this decision of the Utah Court of Appeals. Thus, under both the first and second standards for finality, the Court finds that the Appellate Sanction and the Vexatious Litigant Order, and all other orders, judgments and decisions inextricably intertwined therewith, are final for purposes of *Rooker-Feldman*.

### C. Under the Third Standard for Finality, the Orders and Judgments of the State Court are Final.

The third standard of finality applies if the state court has ruled on all federal questions in the litigation, but state law issues remain to be decided in the state court. In other words, the state court action need not be absolutely final for the state court's rulings impacting federal causes of action to be final. This addresses the situation where a party losing in state court files a separate federal cause of action based on the same facts. In such cases, the federal court could have

---

[41] ECF No. 1-7.

[42] *Ross v. Short*, 20190580-CA at * 3 (Utah Ct. App. Sept. 26, 2019) (see copy of opinion at ECF No. 1-11).

jurisdiction to rule on the federal cause of action without implicating *Rooker-Feldman*.[43] However, for example, if the plaintiff sought a federal declaratory judgment relating to a state court ruling, then "such an action would require the federal court 'to readjudicate the very same issues that were determined in the state-court proceedings below,' and 'in essence would be an attempt to obtain direct review of the [state supreme court] decision in the lower federal courts' in violation of *Rooker-Feldman*."[44]

In this case, the Debtor's only federal claim is Counterclaim No. 23 that alleges that Plaintiffs violated the bankruptcy stay. All other counterclaims are based on prior, final state court rulings. The only way for the Debtor for obtain the relief requested in these Counterclaims is for this Court to alter or invalidate the rulings of the State Court and the Utah Court of Appeals – which is precisely what *Rooker-Feldman* prohibits this Court from doing.

### D. The Limited Void Ab Initio Exception to the Rooker-Feldman Doctrine Does Not Apply in This Case.

Counterclaim Nos. 12, 15, 16, and 17 seek a declaratory judgment from this Court that the State Court order referenced therein are void ab initio. The Debtor argues that there is an exception to the *Rooker-Feldman* doctrine when an order is void ab initio. However, the Tenth Circuit has expressly not adopted the void ab initio exception to *Rooker-Feldman*. In *Tso v. Murray*, 2020 U.S. App. LEXIS 22848 (10th Cir. July 22, 2020), the appellant filed multiple federal lawsuits challenging domestic dispute orders entered by the state courts. The district court dismissed the appellant's causes of action under *Rooker-Feldman*. On appeal, the appellant, like the Debtor in this case, argued that the void ab initio and extrinsic fraud exception to the *Rooker-Feldman*

---

[43] See *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174-75 (10th Cir. 2018) (ruling that under such circumstances, *Rooker-Feldman* may not apply, but the party's claims could still be barred under issue and claim preclusion).

[44] *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 26 (1st Cir. 2005) (quoting *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 622 (1989)).

doctrine allows a federal court to review state court orders and judgments. The Tenth Circuit

rejected these exceptions:

> We have not adopted the "void ab initio" exception [to the *Rooker-Feldman*
> doctrine], and we are not persuaded it would be appropriate to do so here. *See*
> *Anderson v. Private Capital Grp.*, 549 F. App'x 715, 717-18 (10th Cir. 2013)
> (noting that this court would create a circuit split were it to adopt the "void ab initio"
> doctrine outside of the bankruptcy context). And we already have declined to adopt
> the "extrinsic fraud" exception. *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir.
> 2006) ("It is true that new allegations of fraud might create grounds for appeal, but
> that appeal should be brought in the State Courts.").[45]

The *Anderson v. Private Capital Grp.* case cited above by the Tenth Circuit regarding a

void ab initio exception in a bankruptcy context cites to *Lambert v. Blackwell*, 387 F.3d 210, 240

n.25 (3d Cir. 2004), which holds that "a federal court may vacate a state court decision when the

state court acts in violation of the federal bankruptcy statute's automatic stay provisions . . .

because an automatic stay obviates the state court's jurisdiction and renders its decision void ab

initio." Thus, the limited ab initio bankruptcy exception to *Rooker-Feldman* is not applicable to

the Debtor's case since all of the court orders referenced in Counterclaim Nos. 12, 15, 16, and 17

were entered prior to the Debtor's bankruptcy filing.

In summary, although the Debtor complains of misconduct by the Plaintiffs, "the only

harms alleged involved deprivations that resulted from the state courts' orders."[46] Thus, this Court

lacks jurisdiction to hear Counterclaim Nos. 1-21 under *Rooker-Feldman*, and they are hereby

dismissed.

---

[45] *Ross v. Short*, 20190580-CA at * 6 (Utah Ct. App. Sept. 26, 2019).
[46] *Tso v. Murray*, 760 Fed. Appx. 564, 568 (10th Cir. 2019).

**2.     The Debtor Lacks Statutory Authority to Prosecute Pre-Petition Claims That Are Property of His Bankruptcy Estate.**

Under § 541(a)(1), the Debtor's bankruptcy estate consists of all "legal or equitable interests of the debtor in property as of the commencement of the case." In Utah, a "cause of action arises when it becomes remediable in the courts."[47] The Court has reviewed each Counterclaim and finds that all of the alleged wrongful actions by Plaintiffs, excepting Counterclaim No. 23 regarding a violation of the stay, occurred prior to the Debtor's bankruptcy filing on December 31, 2019. Thus, the Court finds that all of the Counterclaims, except Counterclaim No. 23, arose pre-petition and are therefore property of this bankruptcy estate.

In a Chapter 7 bankruptcy case, "[o]nly the trustee has the power to prosecute causes of action (1) that 'existed at the commencement of the [bankruptcy] filing' and (2) that 'the debtor could have asserted . . . on his own behalf.'"[48] Thus, the Counterclaims that seek the recovery of monetary damages are claims of the bankruptcy estate that are controlled by the Chapter 7 trustee unless they are formally abandoned by operation § 544.[49] Until then, the Debtor lacks statutory authority to pursue his personal, pre-petition claims against the Counterclaim Defendants.[50] Therefore, based on the Debtor's lack of statutory authority to pursue pre-petition claims, and as an alternative basis for dismissal, the Court will dismiss Counterclaim Nos. 1-21.[51]

---

[47] *McKean v. McBride*, 884 P.2d 1314, 1317 (Utah Ct. App. 1994) (citing to *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 19 (Utah 1990)).

[48] *Artesanias Hacienda Real S.A. de C.V. v. N. Mill Capital, LLC (In re Wilton Armetale, Inc.)*, 968 F.3d 273, 280 (3d Cir. 2020) (quotation omitted).

[49] *Id.* at 284.

[50] *Id.* at 282 (ruling that only the trustee has statutory authority to prosecute pre-petition claims of the debtor unless such claims are abandoned by the trustee).

[51] Counterclaim No. 23 relates to Plaintiffs' alleged post-petition violation of the Bankruptcy Code's automatic stay. As explained more fully below, the Court will likewise dismiss this cause of action for failure to state a claim because there is a final order granting Plaintiffs relief from stay to take the actions complained of by the Debtor.

### 3.  The Debtor Lacks Standing to Assert Claims Belonging to Mr. Barnett.

Counterclaim Nos. 1-5 seek a judicial declaration relating to the State Court's ruling that GFS was the owner of the bank account. Mr. Barnett, the general manager of GFS, then intervened in the action with the Debtor as his counsel. The Debtor brought multiple motions asking the State Court to reconsider and find that Barnett owned or controlled the bank account and thus it could not be attached by Ross. However, the State Court consistently rejected these arguments.

Because the Debtor was Barnett's attorney, he has not personally suffered a particularized or concrete injury from the State Court's ruling as to the ownership of the GFS bank account.[52] Any aggrievance as to this specific ruling belongs to Barnett alone. Thus, the Debtor lacks standing to assert causes of action that at best belong to Barnett. Therefore, as an alternative basis for dismissal, the Court will dismiss Counterclaim Nos. 1-5 based on the Debtor's lack of standing.

### 4.  Counterclaim No. 23 Fails to State a Claim Based on the Bankruptcy Court's Prior Order Granting Plaintiffs Relief From Stay.

Counterclaim No. 23 asserts a cause of action against Plaintiffs based on an alleged violation of the automatic stay. Raymond Short, the Debtor's father, acted as a surety on a $30,000 supersedeas bond relating to the Debtor's payment of the 2015 judgment. The Debtor was obligated to repay his father for any amounts paid under the bond. After his bankruptcy filing, the Debtor argued that his bankruptcy stay prevented the Plaintiffs from taking collection actions against Raymond Short on the bond.

In the order granting relief from stay, this Court specifically found that the automatic stay of § 362(a) did not apply to Global Fraud Solutions LLC or to Raymond Short because they were

---

[52] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (The "irreducible constitutional minimum" of standing consists of three elements, the first and foremost being that the plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (citation omitted)).

non-debtor entities.[53] This was a final order[54] and the time to appeal has expired.[55] Consistent with this order, Plaintiffs proceeded against Raymond Short to collect on the bond along with other claims against him.

In summary, the Court granted Plaintiffs relief from stay and ruled that Raymond Short, as a non-debtor, was not protected by the Debtor's bankruptcy stay. Plaintiffs' collection actions against Raymond Short were thus consistent with this Court's order and were not in violation of the automatic stay. Therefore, Counterclaim No. 23 fails to state a claim for a violation of the automatic stay, and under Rule Fed. R. Civ. P. 12(b)(6), as incorporated by Bankruptcy Rule 7012, the Court will dismiss Counterclaim No. 23.

**5.** **Counterclaim No. 22 will be Treated as Part of the Debtor's Answer.**

Counterclaim No. 22 seeks a declaratory judgment that res judicata does not apply in this § 523(a)(6) action. This is an appropriate request as Plaintiffs are relying in part on the preclusive effects of the state court rulings to prove their cause of action. It will be Plaintiffs' burden to establish the applicability of claim and/or issue preclusion, and this issue will be decided during the prosecution of this action. As a result, the Court sees no reason to treat this as a counterclaim seeking affirmative relief but rather as part of the Debtor's answer asserting his defenses to the adversary proceeding. Thus, Counterclaim No. 22 will be dismissed, but its arguments incorporated into the Debtor's answer and ruled on at the appropriate time.

---

[53] ECF No. 51, ¶ 1, entered on April 30, 2010 in Case No. 19-29471. See also *Agrawal v. Ogden*, 753 F. App'x 644, 648 (10th Cir. 2018) ("But § 362(a) automatically stays proceedings against the debtor only and not co-debtors or guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor.") (internal quotation marks and citations omitted).

[54] *Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592 (2020) (when the bankruptcy court rules on a motion regarding the automatic stay, it is a final order for purposes of appeal).

[55] Bankruptcy Rule 8002(a) requires a party to file a notice of appeal within fourteen days after entry of the final order.

IV.    **CONCLUSION**

Amidst all of the allegations, protestations, and legal theories, the Counterclaims are really just another attempt by the Debtor to relitigate and/or avoid the consequences of the adverse rulings of the Utah State Court and the Utah Court of Appeals. Under the *Rooker-Feldman* Doctrine, asking this Court to alter or invalidate the rulings of the Utah state courts is outside its limited scope of jurisdiction. For this reason, coupled with the Debtor's lack of statutory authority to pursue pre-petition claims that are now property of the bankruptcy estate and controlled by the Chapter 7 trustee; the Debtor's lack of standing to assert claims belonging to Barnett; and his failure to state a claim for a violation of the automatic stay; the Court dismisses all of the Debtor's Counterclaims except for Counterclaim No. 22, which will be treated as part of the Debtor's answer.

## EXHIBIT A
(List of Prior Judgments, Orders, and Rulings)

| ECF No. | Date | Nature of Order or Judgment | Case | Court | Summary |
|---|---|---|---|---|---|
| ECF No. 1-1 | 02/10/12 | Decision and Order on Rule 11 Sanctions Against Debtor | *Ross v. GFS* 070915820 | Third District Court of Utah | Debtor sanctioned $9,600 and ordered to attend the Ethics School of the Utah State Bar. |
| ECF No. 1-2 | 12/17/14 | Order for Sanctions Against Debtor for Failure to Appear at OSC Hearing | *Ross v. GFS* 070915820 | Third District Court of Utah | Debtor sanctioned $1,000 plus attorney's fees for non-appearance at an Order to Show Cause hearing. |
| ECF No. 1-3 | 12/30/14 | Order on Rule 11 Sanctions Against Debtor | *Ross v. GFS* 070915820 | Third District Court of Utah | Debtor ordered to pay Plaintiffs' costs and fees, as determined by a subsequent affidavit, to compensate Plaintiffs and to deter the Debtor from future bad conduct. |
| ECF No. 1-4 | 07/02/15 | Money Judgment Against Debtor for Failure to Pay Prior Sanctions | *Ross v. GFS* 070915820 | Third District Court of Utah | Debtor ordered to pay Plaintiffs $27,981.07 plus interest because he did not pay this amount within 30 days as ordered on 2/9/15. |
| ECF No. 1-5 | 09/20/18 | Decision Affirming Sanctions Against Debtor | *Ross v. Short*, 436 P.3d 318 (Utah Ct. App 2018) | Utah Court of Appeals | Appeals court affirmed the $27,981.07 in sanctions against the Debtor; rejected his challenge to the district court's jurisdiction; and remanded to State Court to determine award of costs and fees to be paid by the Debtor. |
| ECF No. 1-6 | 09/20/18 | Decision Denying Barnett's Appeal and Awarding Plaintiffs Costs and Fees to be Paid by Debtor | *Ross v. Barnett*, 436 P.3d 306 (Utah Ct. App 2018) | Utah Court of Appeals | Appeals court affirmed rulings against Barnett. Court also found that Debtor, as Barnett's legal counsel, pursued a frivolous appeal and thus ordered Debtor to pay Appellants' costs and attorney's fees to be determined upon remand. |
| ECF No. 1-9 | 04/29/19 | Decision and Order Granting Plaintiffs' Request for Fees and Denying Debtor's Motions to Reconsider | *Ross v. GFS* 070915820 | Third District Court of Utah | Court rules that it would be inappropriate to allow further delays of the proceedings by the Debtor, especially given the clear mandates from the Utah Court of Appeals. State Court rules that the billing rate should be $350, not $400, so the fee award is reduced to $28,657.84. State Court also denies all of the Debtor's objections. |
| ECF No. 1-10 | 05/22/19 | Judgment for Costs and Fees Against Debtor | *Ross v. GFS* 070915820 | Third District Court of Utah | Pursuant to the remand from the Utah Court of Appeals, State Court awarded Plaintiffs' fees of $28,657.84 with interest to be paid by Debtor. |

| ECF No. 1-15 | 07/01/19 | Debtor's Complaint Against Ross | *Short v. Bogart* 190401332 | Third District Court of Utah | Complaint asserts eight causes of action seeking up to $9 million in damages and to enjoin Judge Kelly until it is determined if he violated Debtor's rights to due process and to an open court. |
|---|---|---|---|---|---|
| ECF No. 1-7 | 07/12/19 | Decision and Order Finding Debtor to be Vexatious Litigant Under Utah R.Civ.P. 83 | *Ross v. GFS* 070915820 | Third District Court of Utah | State Court found Debtor to be a vexatious litigant and required him to retain legal counsel and to obtain court approval before filing any paper against Ross. |
| ECF No. 1-16 | 08/12/19 | Debtor's Amended Complaint Against Ross | *Short v. Bogart* 190401332 | Third District Court of Utah | Asserts 15 causes of action seeking judicial declarations, millions in damages against Ross, and to enjoin Judge Kelly. |
| ECF No. 1-17 | 08/22/19 | Debtor's Rule 11 Motion Against the Ross Attorneys | *Short v. Bogart* 190401332 | Utah Third District | Debtor seeks sanctions against the Ross attorneys for filing a "frivolous" request that the court take judicial notice of the vexatious litigant order in *Ross v. GFS*. |
| ECF No. 1-18 | 09/03/19 | Order Striking Debtor's Complaint and Amended Complaint against Ross | *Short v. Bogart* 190401332 | Fourth District Court of Utah | State Court strikes Debtor's complaint because it is "riddled with redundancies, immaterial facts and conclusions, and scandalous matter." The State Court gives Debtor until 9/10/19 to file an amended complaint. If no amended complaint filed, case will be closed. Debtor does not file an amended complaint |
| ECF No. 1-11 | 09/26/19 | Order Affirming Debtor as a Vexatious Litigant and Awarding Attorney's Fees to be Paid by Debtor | *Ross v. GFS* 20190580-CA | Utah Court of Appeals | Appeals court affirmed ruling of 7/12/19 that Debtor is a vexatious litigant; granted Ross's request for additional fees; and remanded for State Court to determine amount of fees. |
| ECF No. 1-19 | 11/04/19 | Entry of Judgment and Award of Attorney Fees and Costs Against the Debtor | *Short v. Bogart* 190401332 | Fourth District, Utah | State Court finds that Debtor's claims are duplicative, without merit, frivolous, abusive, made for improper purposes, and brought in bad faith. Awards fees and costs against Debtor. |
| ECF No. 1-12 | 11/15/19 | Bogart Declaration Regarding Fees Awarded by Utah Court of Appels | *Ross v. GFS* 070915820 | Third District Court of Utah | Following the grant of attorney's fees from the Utah Court of Appeals, Ross files a billing statement for fees of $12,634. |

| ECF No. 1-20 | 11/21/19 | Judgment Awarding Fees and Costs Against Debtor | *Short v. Bogart* 190401332 | Fourth District Court of Utah | Per the order entered on 11/04/19 (see above), judgment entered against Debtor for $16,211.70 plus interest at 4.75%. |
|---|---|---|---|---|---|
| ECF No. 1-8 | 11/27/19 | Order Awarding Costs and Fees to be Paid by Debtor | *Ross v. GFS* 070915820 | Third District Court of Utah | State Court awards $39,535 in costs and fees against the Debtor to be paid within 60 days. |
| ECF No. 1-21 | 12/27/19 | Ruling on Ross's Request for Additional Attorney Fees | *Short v. Bogart* 190401332 | Fourth District Court of Utah | State Court again finds that the Debtor's filings were without merit, frivolous, and brought in bad faith. Awards fees of $16,195.50 with interest at 4.75%. Ross to submit a proposed judgment against the Debtor in this amount. |
| | 12/31/19 | | *In re Short* 19-29471 | Utah Bankruptcy Court | Debtor files for bankruptcy relief. |
| Ex. 14 to ECF No. 30, Case No. 19-29471 | 01/15/20 | Order Disqualifying Debtor | *Ross v. GFS* 070915820 | Third District Court of Utah | Based on a conflict of interest, the Court disqualified the Debtor from representing Raymond Short, his father, in *Ross v. GFS*. |

**EXHIBIT B**
(Summary of Debtor's Counterclaims)

| Counter-claim | Requested Relief |
|---|---|
| 1st Cause of Action | **Judicial Declaration re purported September 15, 2008 ruling re ownership of The Institute of Fraud Risk Management ("TIFRM") and its bank account.**<br><br>The Debtor is entitled to a judicial declaration that Judge Kennedy did not in fact find that GFS owned TIFRM (and its assets) on September 15, 2008, and that any ruling by any judge or court to that effect was in fact incorrect and that the Debtor correctly represented the record. |
| 2nd Cause of Action | **Judicial Declaration re Court of Appeals statement re purported September 15, 2008 ruling re ownership of TIFRM.**<br><br>The Debtor is entitled to judicial declaration that the statement by the Court of Appeals that on September 15, 2008, Judge Kennedy found that GFS owned TFIRM and not Mr. Barnett was incorrect, and that the Debtor has correctly represented the record throughout *Ross v. GFS*. |
| 3rd Cause of Action | **Judicial Declaration re purported September 25, 2008 ruling re ownership of TIFRM.**<br><br>The Debtor is entitled to a judicial declaration that on September 25, 2008, Judge Kennedy did not in fact expressly find that GFS owned TIFRM and not Mr. Barnett, and that any ruling by any judge or court to that effect was in fact incorrect, and that the Debtor has correctly represented the record throughout *Ross v. GFS*. |
| 4th Cause of Action | **Judicial Declaration re Court of Appeals statement re purported September 25, 2008 ruling re ownership of TIFRM.**<br><br>The Debtor is entitled to judicial declaration that the statement by the Court of Appeals that on September 25, 2008, Judge Kennedy found that GFS owned TFIRM and not Mr. Barnett was incorrect, and that the Debtor has correctly represented the record throughout *Ross v. GFS*. |
| 5th Cause of Action | **Judicial declaration re purported "continuing injunction" not to "divert" or "dissipate" "funds" or "assets" of TIFRM.**<br><br>The Debtor is entitled to a judicial declaration that Judge Kennedy did not on September 15, 2008 or September 25, 2008, enter orders that Mr. Barnett could not "divert" or "dissipate" the "funds" or "assets" of TIFRM, and that any ruling or statement to the contrary by any judge or court is inaccurate, and that the Debtor has correctly represented the record throughout *Ross v. GFS*. |

| 6th Cause of Action | **Judicial declaration that the Debtor was denied due process.** |
| | Judge Kennedy imposed sanctions against the Debtor for challenging the probity of his actions, and thereby ruled on his own case. |
| | Judge Kelly imposed sanctions against the Debtor for bringing motions and raising objections and oppositions challenging the probity of Judge Kennedy's actions, and thereby ruled on his own case. |
| | The Court of Appeals made assumptions about the record rather than actually reviewing it, and made mistakes as to its assumptions as to what the Debtor did, and did not allow the Debtor any hearing to address those mistaken assumptions. |
| | The Court of Appeals panel which summarily dismissed the second batch of appeals included two judges from the prior panel who had made numerous mistakes and denied the Debtor a fair hearing on the original Rule 33 sanctions, and therefore were depriving the Debtor of the opportunity to challenge those rulings as those issues properly returned to the Court of Appeals for further consideration, as is allowed under Utah law, and thereby ruled on their own case in imposing sanctions the second time. |
| | The Debtor is entitled to a judicial declaration that at no time has he been provided a full and fair opportunity to defend himself from any sanctions imposed against him, and that all sanctions imposed against him are therefore void for the lack of due process, and the denial of an open court to challenge any unlawful rulings against him in a meaningful manner. |
| 7th Cause of Action | **Judicial Declaration correcting frauds on the Court** |
| | The Debtor is entitled to a judicial declaration that throughout *Ross v. GFS*, including on appeal, and in *Short v. Bogart*, he has consistently truthfully represented the record, and that Ross and Bogart have falsely represented the record, and that the Debtor was thereby falsely accused of misconduct. |
| | The Debtor is also entitled as part of that judicial declaration an affirmative declaration as to each factual mistake made by the courts in sanctioning the Debtor so that he will not be injured any further by the frauds committed by Ross and Bogart, so as to clear the Debtor's good name. |
| 8th Cause of Action | **Correction of frauds on the Court.** |
| | Plaintiffs' misrepresentations caused an invalid 2012 Rule 11 Sanction, and invalid 2014 Rule 11 preliminary sanction, an invalid 2015 Order re Fees and purported judgment to enforce the void Order, invalid Rule 33 sanctions, and an invalid 2019 judgment, and other improper orders, to be entered against the Debtor that should not have been entered, and would not have been entered if Ross, Wagner, Bogart and Telos VG PLLC had told the truth about the record. |
| | The Debtor is entitled to a correction of the fraud on the Court which has occurred throughout the state cases and is now occurring again in this case in order to clear his reputation which was damaged by the State Court rulings, in |

| | |
|---|---|
| | particular the Court of Appeals rulings, by having all rulings based upon such fraud declared to have been obtained by fraudulent means, and therefore the Debtor is entitled to compensation for the several frauds on the court committed by Ross and Bogart. |
| 11th Cause of Action | **Judicial Declarations re the July 2015 Judgment and Order re Fees as being void.**<br><br>The Debtor maintains that the February 9, 2015 Order re Fees entered by Judge Harris is void because it ordered payment directly to Telos VG, and the Court lacked any subject matter jurisdiction to do so, and because it was void, the court lacked any jurisdiction to modify the void order by transforming it into a judgment.<br><br>The Debtor is entitled to a declaratory judgment after discovery is had, and a proper Rule 57 motion has been brought, as to whether the July 2nd [2015] Judgment is in fact void for any jurisdictional or due process defect.<br><br>The Debtor is also entitled to a declaratory judgment as to whether the Court of Appeals ever acquired any jurisdiction to enter the Rule 33 ruling in case 20151055 if in fact the July 2nd [2015] Judgment was itself void, and whether Judge Kelly ever acquired any jurisdiction to enter any order or judgment if the July 2nd Judgment is void. |
| 12th Cause of Action | **Declaratory Judgments as to invalidity of Court of Appeals Actions.**<br><br>The Debtor maintains the Court of Appeals has denied his due process and his right to an open court to challenge judicial errors and misconduct in entering Rule 33 sanctions against him based on a fatally flawed understanding, or better stated lack of understanding, as to what happened in the Ross Case, including making numerous false statements of its own which are contrary to the record, upon which the opinions and sanctions were based.<br><br>The Debtor is entitled to a declaratory judgment action to correct the false statements of the Court of Appeals and to have its actions to be declared null and void ab initio. |
| 14th Cause of Action | **Declaratory judgment re individual liability for constitutional violations.**<br><br>Ross, Wagner, Bogart and Telos have caused the Debtor's constitutional right to a fair hearing before a fair and impartial tribunal to be denied by seeking numerous sanction orders based on knowing misrepresentations to the judges hearing the motions as to what had previously happened in the case, by using their false narrative which is directly at odds with the record, and by perpetrating flawed prior rulings based on the false narrative, such that they have successfully prevented the Debtor from having a fair day in court. |

| 15th Cause of Action | **Declaratory Judgment that all judgments against the Debtor are null and void ab initio and unenforceable.** |
|---|---|
| | The Debtor is entitled to a declaratory judgment that under Utah law any judgment against the Debtor in *Ross v. GFS* is null and void ab initio, and totally unenforceable, due to the lack of jurisdiction to enter it since under Utah law judgments may not be entered against non-parties, such as the Debtor. |
| 16th Cause of Action | **Declaratory Judgment that all judgments against the Debtor are void due to the denial of due process.** |
| | The judges imposing sanctions made numerous erroneous legal conclusions where if they had followed the governing law they necessarily would have been forced to rule in Barnett's or the Debtor's favor, and no sanctions would have been plausible. Thus, any judgment against the Debtor is void ab initio. |
| 17th Cause of Action | **Declaratory Judgment that any sanctions by the Court of Appeals is void due to the denial of the Debtor's constitutional rights to due process and open courts.** |
| | Due to the numerous due process violations, of which only a portion are set forth herein so as to give notice of the nature of the claims, the Debtor has now been sanctioned under Rule 33 and judgments issued against him not by the appellate court but by the trial court, which judgments are null and void ab initio and unenforceable due to the fact they were imposed without providing the Debtor due process. |
| | By not giving the Debtor a fair hearing, the Court of Appeals denied the Debtor his constitutionally guaranteed right to an open court to challenge the orders (and appellate opinions) improperly entered against him or Barnett. |
| 18th Cause of Action | **Declaratory Judgment that any sanctions by the Court of Appeals is void due to the denial of the Debtor's constitutional right to an appeal.** |
| | The Debtor is entitled to a declaratory judgment that because there is no means provided for a party to appeal any Rule 33 sanctions. Rule 33 as presently constituted, and/or as applied in this case necessarily resulted in a constitutional deprivation, and therefore any Rule 33 sanctions are constitutionally deficient and null and void in the same manner as rulings which are obtained in violation of due process are null and void. |
| 19th Cause of Action | **Declaratory Judgment that any judgment by a trial court awarding Appellate Rule 33 sanctions is void for lack of jurisdiction.** |
| | Plaintiffs have not identified any constitutional or statutory grant of jurisdiction to a trial court in Utah allowing it to participate in appellate proceedings by determining the amount of fees incurred on appeal to be awarded by the appellate court under Rule 33 and then entering a judgment against the attorney, nor does any such grant of jurisdiction exist. |

| 20th Cause of Action | **Declaratory Judgment re violation of Utah Constitution Article I, Section 11 (open courts provision).**<br><br>The Debtor is entitled to declaratory judgments that each sanction is null and void as a violation of the Debtor's right to an open court to challenge improper orders because these specific issues have not been addressed on the merits before, nor have they been fully, fairly, and competently addressed before by a court with competent jurisdiction. |
|---|---|
| 21st Cause of Action | **Declaratory Judgment that all of the judgments against the Debtor are void for lack of jurisdiction.**<br><br>The Debtor is entitled to a judicial declaration that all of the sanctions are null and void for lack of jurisdiction and therefore are unenforceable, and do not constitute debts for purposes of this adversary proceeding or for any other proceeding, and may be freely challenged as worthless whenever they are asserted. |
| 22nd Cause of Action | **Declaratory Judgment regarding inapplicability of Res Judicata to any sanctions imposed.**<br><br>The Debtor is entitled to a declaratory judgment that Res Judicata applies to any of the prior state court rulings because they are not final because there are pending matters in the state court, and because the state court rulings are subject to multiple errors, denial of due process, failure to recuse, conflicted errors, etc., and thus they have not been fully, fairly, and competently addressed before a court of competent jurisdiction. |
| 23rd Cause of Action | **Violation of Automatic Stay**<br><br>The Debtor is entitled to actual and punitive damages for violations of the bankruptcy automatic stay arising from Plaintiffs' collection actions against his father, Raymond Short, in connection with a supersedeas bond in *Ross v. GFS*. |

## <u>DESIGNATION OF PARTIES TO RECEIVE NOTICE</u>

Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- David P. Billings    dbillings@fabianvancott.com, jwinger@fabianvancott.com;mdewitt@fabianvancott.com
- John H. Bogart    jbogart@telosvg.com
- Douglas R. Short    mail@consumerlawutah.com, douglasrshort@gmail.com;as@consumerlawutah.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

John H. Bogart
500 Westover Dr. #12745
Sanford, NC 27330

Sean Egan & Yan Ross
500 Westover Dr. #12745
Sanford, NC 27330

Douglas Raymond Short
10763 South 2000 East
Sandy, UT 84092

Telos Ventures Group PLLC
500 Westover Dr. #12745
Sanford, 27330

Randi Wagner
500 Westover Dr. #12745
Sanford, NC 27330