Douglas R. Short, #5344
10763 South 2000 East
Sandy Utah 84092
(801) 755-3955 (telephone)
mail@consumerlawutah.com
*Pro se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: Douglas R. Short, Debtor | Bankruptcy No. 19-29471 |
| | Adversary Proceeding No. 20-02027 |
| | Chapter 7 |
| | Hon. Kevin Anderson |

**OBJECTION TO IMPROPER ACTIONS OF JUDGE ANDERSON
AND
MOTION TO STAY ENTRY OF JUDGMENT AND TO STAY ANY FURTHER ACTION BY JUDGE ANDERSON UNTIL A FORMAL MOTION TO DISQUALIFY AND MOTIONS TO RECONSIDER MAY BE FILED AND DECIDED
AND REQUEST FOR HEARING**

Debtor hereby formally objects to Judge Anderson's surprise and premature "Decision Denying Debtor's Motion to Recuse and Motion to Reconsider (Docket No 61)" entered as Docket No 63, and his improper attempt to terminate these proceedings without giving Debtor a full and proper hearing on the issues raised, as expressly required by the Rules.

Debtor further formally moves to stay the entry of any "final judgment" in this case by Judge Anderson or the Clerk until after:

(1)     Debtor has an opportunity to file by the end of this week, and then have fully heard by an impartial tribunal, an Amended First Motion for Reconsideration which will address several arguments made sua sponte by Judge Anderson on December 14, 2021 concerning the issues

1

raised in the Motion to Reconsider (before Judge Anderson had read it completely and without holding a proper hearing thereon after full briefing) which will clearly demonstrate the errors made by Judge Anderson;

(2)     Debtor has had a reasonable opportunity to seek reconsideration of Judge Anderson's sua sponte rulings in Document 63, as is allowed under Rule 54(b); and

(3)     Debtor has had a reasonable time to file a formal motion to disqualify Judge Anderson due to his alleged judicial misconduct in relation to this case, and in particular in relation to the premature ruling on the First Motion to Reconsider, which alleged judicial misconduct has deprived Debtor of his due process rights to a fair hearing before a fair and impartial tribunal, (as demanded in In re Murchinson and other cases which precludes a federal judge from judging his own case).

Accordingly, it is also expressly moved that Judge Anderson take no further action in this case towards entry of a final judgment until such time as a formal motion to disqualify him has in fact been filed and properly heard.[1]

## ARGUMENT

It is maintained that Judge Anderson has abandoned his role as a neutral arbiter and become an active advocate for the Plaintiffs, having raised various legal issues and arguments on behalf of Plaintiffs which Plaintiffs have not raised themselves, based on Judge Anderson's own personal sua sponte legal research and his own factual investigations.  It is also maintained that Judge Anderson is now impermissibly seeking to defend his own conduct rather than give Debtor an objective and impartial hearing on the merits of the law.

---

[1] Given the surprise actions by Judge Anderson this day, and the apparent intent to force this matter to a final judgment as soon as he possibly can in order to cut off Debtor's rights to seek reconsideration, at present, all Debtor can do is to promptly file this formal objection in order to preserve the challenge, without taking a substantial amount of time to prepare a fully detailed and documented Motion.

2

Judge Anderson's premature denial today of the First Motion to Reconsider before it was even fully briefed by the parties, wherein Judge Anderson defended his prior rulings sua sponte with his own factual and legal arguments (without allowing Debtor to be heard on his sua sponte arguments before making a decision), is just the latest example of how he is no longer a neutral, impartial tribunal, and is denying Debtor of his due process rights to a fair hearing before a fair and impartial tribunal.

Local Rule 9013-1 applies in adversary proceedings and governs how briefing of the First Amended Motion to Reconsider needed to proceed through the motion (and the scheduling of a hearing thereon), opposition, and a reply AND a mandatory hearing thereon (unless there is no opposition timely filed). Since the First Amended Motion had just been filed, no hearing had been scheduled thereon yet. And no opposition had been filed yet. And no reply had been filed yet. In other words, the Motion was not yet briefed and scheduled for a hearing in compliance with Rule 9013-1, which Rule clearly requires compliance therewith on the First Motion for Reconsideration.[2]

But Judge Anderson impermissibly decided sua sponte that he was going to ignore the mandatory procedures set forth in Rule 9013-1 and go ahead and decide the Motion before it was briefed and ripe for his consideration, and worse yet, that he was going to summarily deny Debtor the mandatory hearing on his Motion, despite the lack of any authority under the Rules to do so, because as he indicated he didn't think a hearing would be helpful, or in other words because a hearing would not change his mind. (Which also raises a reasonable question as to

---

[2] Rule 9013-1 provides:
    (b) Applicability. In bankruptcy cases and adversary proceedings, **whenever** the movant seeks an order from or determination by the court and the movant believes the motion will be opposed, **the procedures set forth in this rule should be used**.

3

whether he had an open mind willing to consider whether he had made mistakes, and/or an open mind willing to admit the mistakes that would have been addressed more fully in the hearing – on the record).

Judge Anderson's sua sponte departure from the mandatory procedures set forth in Rule 9013-1 resulted in a clear denial of the process declared due to Debtor under the Rule.  And by raising and deciding his own sua sponte arguments on behalf of the Plaintiffs in the same document, he prevented Debtor from being able to address any of his sua sponte theories he raised to defend his prior rulings.

Such unorthodox actions raise a reasonable question as to whether Judge Anderson is impartial and willing to admit his mistakes, as he must be if Debtor is going to have a fair hearing before a fair and impartial tribunal.

As the United States Supreme Court has made clear as a matter of due process, judges may not judge the propriety of their own actions because they might be tempted to tip the scales in their own favor – even if there is no actual bias (as Judge Anderson asserts in Document 63):

> **A fair trial in a fair tribunal is a basic requirement of due process**. Fairness of course requires an absence of actual bias in the trial of cases. **But our system of law has always endeavored to prevent even the probability of unfairness.** To this end **no man can be a judge in his own case** and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This Court has said, however, that "**every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law**." Tumey v. Ohio, 273 U.S. 510, 532. Such a stringent rule may sometimes bar trial by judges who have **no actual bias** and who would do their very best to weigh the scales of justice equally between contending parties. **But to perform its high function in the best way "justice must satisfy the appearance of justice."** Offutt v. United States, 348 U.S. 11, 14.

*In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625 (1955).

Judge Anderson, in ruling on the propriety of his prior rulings, is in a situation where he

4

may be tempted to tip the scale in his own favor by ruling that he was correct in his sua sponte legal arguments and rulings (even though they are clearly contrary to governing law that he is preventing Debtor from presenting on the record). Rather than admit his alleged mistakes, or even allow his alleged mistakes to be fully briefed and heard, Judge Anderson has now doubled down on his alleged mistakes by preventing Debtor his right to a full and fair hearing on the defects alleged in the First Motion for Reconsideration.

Debtor filed a perfectly permissible First Motion for Reconsideration on December 14, 2021 under Rule 54(b). When Debtor advised Judge Anderson of this fact during the hearing on December 14, 2021 on Plaintiffs' Rule 41 motion to dismiss their remaining claim without prejudice, Judge Anderson indicated that he did not think that a motion for reconsideration was even allowed under the Rules, (which is clearly contrary to the governing law that Judge Anderson was not familiar with at the time), and that he accordingly would not even consider the timely filed First Motion for Reconsideration and would instead enter a final order dismissing the last claim by Plaintiffs with prejudice, (which was not even a motion before the Court that day since Plaintiffs had only moved to dismiss without prejudice, and as Judge Anderson himself acknowledge that motion had to be denied since it is not possible to dismiss a claim in a Section 523 action without prejudice).

Judge Anderson incorrectly asserted that the intended dismissal of the Plaintiffs' remaining claim would be a final judgment resolving all claims, even though there was Rule 54(b) motion for reconsideration pending, and then he would only consider the First Motion to Reconsider as a Rule 60(b) Motion after a final judgment was entered.

When Debtor tried to correct the Court as to the permissibility of a Rule 54(b) motion for reconsideration, Judge Anderson became upset and threatened Debtor with sanctions if he

5

continued to insist that he could file a motion to reconsider and that the Court had to consider it before entering a final judgment.

Given Judge Anderson's insistence on not allowing Debtor the right to seek reconsideration before he entered a final judgment, as he was obligated to do under the rules and as a matter of fundamental due process, and due to Judge Anderson's perceived statements that he would not change his mind regardless of what the First Motion for Reconsideration might argue (because he was of the belief that his prior legal conclusions were correct, even though his legal conclusions clearly are not correct under the governing law) Debtor tried to raise the issue of whether Judge Anderson needed to recuse himself if he was not willing to allow Debtor a fair and impartial hearing on whether he had made numerous legal errors, but was cut off by Judge Anderson and was not allowed to do so, and was not in fact heard on any motion to recuse – instead Judge Anderson impermissibly threatened Debtor with sanctions for challenging his actions.[3]

Debtor accordingly abandoned the attempt to discuss whether Judge Anderson had to recuse himself so that he would not get sanctioned on the spot, and decided he would have to do so with a formal motion, and has in fact been working on such a motion pursuant to 28 USC 455, including a proper affidavit in support.

Debtor has just learned today by way of Judge Anderson's sua sponte rulings in Document 63 that Judge Anderson decided to nevertheless address the issue of whether he should recuse himself sua sponte, and has declared that he is not going to recuse himself, without giving Debtor notice he was intended to do so, and without allowing Debtor to present the law or

---

[3] This is the order recalled by Debtor as to the flurry of issues and when statements and the impermissible threats were made by Judge Anderson. Once a transcript is obtained the record can be reviewed as to what was said when, and any corrections made if needed.

6

the facts that are relevant to his obligation to recuse himself, in clear denial of Debtor's due process rights to adequate notice and a meaningful opportunity to be heard on the issue.

28 USC 455(a) requires Judge Anderson to recuse himself at this time if his impartiality might merely be reasonably questioned – even if he believes he is not in fact bias or prejudiced.

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which **his impartiality might reasonably be questioned**.

As will be demonstrated by a formal motion to disqualify Judge Anderson under Section 455, (since he has not recused himself voluntarily now that his impartiality may be reasonably questioned), Judge Anderson's actions over the course of this case raise a reasonable question as to his impartiality at this time since he has demonstrated a propensity to raise arguments, law and facts on behalf of Plaintiffs which they have not themselves raised,[4] thereby impermissibly becoming their advocate rather than a neutral tribunal, and is unwilling to allow Debtor an opportunity to challenge his clearly incorrect rulings (according to the governing law of which Judge Anderson is apparently not aware and is not allowing Debtor to raise so as to create a complete record), and he has blatantly departed from the required rules of procedure and fundamental due process in an apparent attempt to prevent Debtor from challenging his rulings through motions to reconsider, (even though such challenges are not only permissible, they are advisable in order to avoid the need for any appeal when the Court has made fatal mistakes, as has happened here).

Debtor is in the process of obtaining a transcript of the December 14th hearing in order to create a clear record of the improper threats made by Judge Anderson seeking to prevent Debtor's permissible attempts to challenge his rulings, as his is due process right to a fair hearing

---

[4] It will obviously take a substantial amount of time and effort to document all of the times Judge Anderson has improperly raised issues and made arguments on Plaintiffs' behalf, so as to create a clear record thereof.

7

before a fair and impartial tribunal. A transcript is also needed to assist Debtor in preparing the required affidavit. Time is needed to obtain the transcript before any further action is taken on the case – such as entering a final judgment.

Debtor has an admittedly high hurdle to clear to disqualify Judge Anderson, but it is not an impossible hurdle under the circumstances. As the Supreme Court has explained when interpreting 28 USC 455(a)' explicit requirement that judges must recuse themselves when their impartiality may be reasonably questioned:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion **unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible**. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and **they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.**

*Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)(rejecting the argument that disqualification may only be based on extrajudicial prejudices).

Judge Kennedy articulated a practical measurement of partiality requiring disqualification of Judge Anderson:

> For present purposes, it should suffice to say that § 455(a) is triggered by an **attitude** or state of mind **so resistant to fair and dispassionate inquiry** as to cause **a party**, the public, or a reviewing court to have **reasonable grounds to question the neutral and objective character of a judge's rulings or findings**.

*Liteky v. United States*, 510 U.S. 540, 557-58, 114 S. Ct. 1147, 1158 (1994)(Kennedy, J. concurring).

It is maintained that there are now numerous reasonable grounds to question Judge Anderson's impartiality given the manner in which he has handled this case so as to impermissibly assist Plaintiffs in reaching what now appears to be a predetermined outcome preferred by Judge Anderson regardless of the governing law, while preventing Debtor from

8

making a clear record of that governing law and allowing an objective hearing on the governing law.

Judge Anderson's passionate defense of his mistaken rulings – to the point of accusing Debtor of being a vexatious litigant and threatening immediate sanctions to stop Debtor from challenging his mistakes before he fully knew the grounds therefore – fits this test.

And his sua sponte ruling in Document 63 on a motion which was not even properly before him yet because it is not fully briefed, where he raised arguments on behalf of the Plaintiffs while denying Debtor a hearing on his Motion as expressly required by the Rules, provides additional grounds to question whether Judge Anderson is now "so resistant" to providing Debtor a "fair and dispassionate inquiry" into the alleged mistakes that Debtor will be denied due process if he does not recuse himself.

Before Judge Anderson takes any further action in the case, Debtor should have an adequate amount of time to marshal the evidence to demonstrate that Judge Anderson has now reached a point he has such a high degree of favoritism to Plaintiffs or antagonism to Debtor, or simply that he wants to defend his own reputation, that a fair judgment for Debtor has become impossible because Judge Anderson is no longer neutral and objective since he is now trying to defend himself rather than give Debtor a fair hearing before a fair and impartial tribunal.

Therefore, Judge Anderson should not take any further action which might in any way impair Debtor's attempt to disqualify him, such as trying to enter a final judgment based on his improper rulings in Documents 63 and 64.

Additional time should also be allowed in order for Debtor to have a meaningful opportunity to defend himself by creating a record of Judge Anderson's numerous legal mistakes, either to get such rulings reversed before appeal, or in order to preserve such issues for

appeal.

Following the December 14th hearing, Debtor has also been actively working for several days now on an Amended First Motion to Reconsider which will further address the incorrect legal assumptions by Judge Anderson.

Judge Anderson has incorrectly assumed and assert on December 14th that he is bound by the state court actions no matter what, (which incorrect legal assumptions also now arise in today's premature ruling on the First Amended Motion to Reconsider), such as his flawed legal assumption that he must take judicial notice of the state court documents (even though the governing law clearly holds that Rule 201 only allows him to take judicial notice of the existence of the court documents, and not the truthfulness of anything contained therein, and only allows judicial notice under Rule 201 where there is no dispute as to the fact noticed because both parties agree it is true, which is obviously not the case here), and that he is barred from considering the issues under res judicata (which the Supreme Court has held does not preclude a bankruptcy judge from reaching and determining the truth in dischargeability actions based on additional evidence because the bankruptcy courts have exclusive jurisdiction to make such decisions – not state courts) and that he is barred by Rooker Feldman doctrine (which the governing law from the Supreme Court also indicates does not apply to actions such as this since Debtor is not the one bringing the action in an effort to appeal the state court actions, and since the Court is not being asked to reverse the state court actions, but rather is only being asked as the threshold precondition to the application of Section 523 whether the state court actions are in fact and law "valid debts" and "enforceable obligations" – which validity under Utah law Plaintiffs have failed to meet their affirmative burden of proof – but Judge Anderson is ignoring that failure).

Once the Court sees the Amended First Motion to Reconsider it will become perfectly clear that Judge Anderson has made numerous mistakes as to his legal assumptions. And therefore, his flawed Summary Judgment Ruling (and now the flawed ruling on the First Amended Motion to Reconsider) will have to be vacated as being contrary to law, and the motions for summary judgment denied because Plaintiffs have not met their burden of proving whether each individual state court sanctions/judgment is in fact and law a "valid debt" and "an enforceable obligation."

Judge Anderson has persistently improperly merely assumed that the state court sanctions are valid without any actual evidence in the record that they are, because of his own mistakes as to the law regarding his duties.

Debtor should have a fair hearing before a fair and impartial tribunal as to whether Judge Anderson's rulings should be reconsidered and corrected so as to comply with the governing law.

Consequently, no final judgment should be entered until that happens, namely after an Amended First Motion for Reconsideration has been filed by the end of this week, and after a reasonable amount of time to also move to reconsider his improper premature ruling on the First Amended Motion to Reconsider.

And since Judge Anderson's impartiality may be reasonably questioned as to whether Debtor should have that opportunity to challenge Judge Anderson's rulings, since the propriety of Judge Anderson's own conduct is now directly at issue given his sua sponte orders entered today, Judge Anderson must refrain from taking any further action in the case to move the case towards the entry of a final judgment in order to allow a formal motion to disqualify him to be prepared and filed. Any attempt by Judge Anderson to prevent a formal motion to disqualify

him would be contrary to the intent of Section 455 as well as his obligations under the Code of Conduct by which he is bound to treat Debtor fairly, and a clear violaiton of Debtor's due process rights to fair hearings before fair and impartial tribunal.

DATED this 22nd day of December, 2020

/s/ Douglas R. Short
Pro se

## CERTIFICATE OF SERVICE
I certify that the foregoing was served by electronic service by ECF on counsel of record.